UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN KING                                                                                      PLAINTIFF

V.                                       CIVIL ACTION NO. 3:25-CV-231-KHJ-MTP

DISCOVER PRODUCTS, INC.                                    DEFENDANT

ORDER

Before the Court is Defendant Discover Products, Inc.'s [4] Motion to Dismiss.[1] The Court grants the motion.

I.     Background

This case arises from a dispute over a debt settlement agreement.

Plaintiff John King had a credit account with Discover. Compl. [1-1] at 5. In May 2023, King and Discover entered into a debt settlement agreement to resolve King's $14,306.65 account balance. *See id.* at 5, 8. Under that agreement, King agreed to pay Discover monthly installments totaling $8,700; Discover would then close his account. *Id.*

King made the required monthly payments in June, July, August, and September 2023. *Id.* at 5. But his "payment for the month of October 2023 was rejected." *Id.* Discover's legal representative, Rausch Sturm LLP, told King that Discover had recalled the debt. *Id.*; *see also id.* at 8. And Discover allegedly told

---

[1] Plaintiff John King sued "Discover Products, Inc." Notice of Removal [1] at 1. He should have sued "Discover Bank." *Id.*

King that it would not honor the settlement agreement, even though King allegedly followed all its terms. *Id.* at 5.

King then "notified [Discover] directly of a dispute on the account's completeness and/or accuracy, as reported." *Id.* But Discover did not investigate or modify the allegedly "inaccurate information" in King's credit reports. *Id.*

And so King filed a state-court lawsuit, claiming that Discover violated (1) an unspecified provision of the Fair Debt Collection Practices Act (FDCPA) and (2) Section 1681s-2(b) of the Fair Credit Reporting Act (FCRA). *See id.* at 4–6. Discover timely removed the suit, invoking this Court's federal-question jurisdiction. [1] at 2–3. Discover then moved to dismiss both claims under Rule 12(b)(6). [4]. King's four-page response submitted that both claims should survive Discover's [4] Motion to Dismiss and that, even if they do not, the Court should grant King leave to amend. Mem. Supp. Resp. [9] at 2–4.

II.     Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court "accepts all well-pleaded facts as true" but "does not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Watkins v. Allstate Prop. & Cas. Ins.*, 90 F.4th 814, 817 (5th Cir. 2024) (cleaned up).

2

III.   Analysis

The Court first addresses King's FDCPA claim, then turns to his FCRA claim, and then takes up his request for leave to amend.

A.  FDCPA

King fails to plausibly allege that Discover is a "debt collector." So the Court dismisses King's FDCPA claim.

To state an FDCPA claim, King must plausibly plead three elements: "(1) that he was the object of collection activity arising from a consumer debt; (2) that [Discover] is a debt collector as defined by the FDCPA; and (3) that [Discover] engaged in an act or omission prohibited by the FDCPA." *Douglas v. Select Portfolio Servicing, Inc.*, No. 4:14-CV-1329, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015); *see also Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 581 (5th Cir. 2020) (describing *Douglas* as "setting forth the elements of a[n] FDCPA claim"); *Hall v. Phenix Investigations, Inc.*, 642 F. App'x 402, 405 (5th Cir. 2016) (per curiam) (same).

The Court need only address the second element: whether Discover is a "debt collector." The FDCPA sets forth three categories of persons who qualify as "'debt collector[s]'": (1) a person who is engaged in "any business the principal purpose of which is the collection of any debts"; (2) a person who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"; and (3) "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting

3

or attempting to collect such debts." 15 U.S.C. § 1692a(6). The [1-1] Complaint offers no factual allegations indicating that Discover falls under any of those three categories.

First, the [1-1] Complaint does not allege any facts indicating that Discover's "principal purpose" is engaging in debt collection. 15 U.S.C. § 1692a(6). In fact, the [1-1] Complaint indicates that Discover's principal purpose is providing banking services. *See* [1-1] at 4 (alleging that Discover is a "national banking association").

Second, the [1-1] Complaint does not allege any facts indicating that Discover "regularly" tries to collect debts "owed or due *another*." 15 U.S.C. § 1692a(6) (emphasis added); *see also Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017) ("All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another.'"). In fact, the [1-1] Complaint alleges only that Discover tried to collect on its *own* credit account that it issued to King. *See* [1-1] at 5.

And third, the [1-1] Complaint does not allege any facts indicating that Discover used "any name other than [its] own" to suggest that some third person was trying to collect Discover's debt. 15 U.S.C. § 1692a(6).[2] In fact, the [1-1]

---

[2] The Second Circuit has explained:

> By requiring the creditor to "use" . . . a name other than its own, the text of the statute is clear that there must be some active involvement in the misrepresentation by the creditor before triggering liability under the false name exception. The exception does not create backdoor vicarious liability for creditors simply because the collection agencies they hire to collect their debts engage in deceptive practices.

*Vincent v. Money Store*, 736 F.3d 88, 99 (2d Cir. 2013).

4

Complaint alleges that "[King] and Discover entered into a settlement agreement for the above[-]referenced account." [1-1] at 5; *see also id.* at 8 (Rausch Sturm LLP's letter naming the "Creditor to Whom the Debt Is Owed: DISCOVER BANK").

King's response does not dispute any of that. *See* [9] at 2–3. Instead, it argues that an allegation of "agency" makes a creditor vicariously liable for a debt collector's acts. *See id.*

That argument fails. As discussed, "the FDCPA generally applies to debt collectors, but not to creditors . . . ." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722 (5th Cir. 2013). Consistent with that, being a "debt collector as defined by the FDCPA," *Douglas*, 2015 WL 1064623, at *4, is one of the "elements of a[n] FDCPA claim." *Calogero*, 970 F.3d at 581. And "[t]he vast majority of courts . . . have recognized that a principal can be held vicariously liable only when it also meets the statutory definition of a debt collector." *Parker v. Peters & Freedman, LLP*, No. 8:17-CV-667, 2017 WL 10525820, at *2 (C.D. Cal. July 10, 2017) (collecting cases);[3] *see also, e.g., Fouche' v. Shapiro & Massey L.L.P.*, 575 F. Supp. 2d 776, 783 (S.D. Miss. 2008) (holding that a creditor "cannot be vicariously liable for [a debt collector's] activities"); *Freeman v. CAC Fin., Inc.*, No. 3:04-CV-981, 2006 WL 925609, at *2 (S.D. Miss. Mar. 31, 2006) ("[A] creditor who hires a debt collector

---

[3] King correctly notes that *Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080 (E.D. Cal. 2013), extended vicarious liability to a creditor. [9] at 3. For the reasons discussed, and consistent with the weight of authority, the Court respectfully disagrees with that court's conclusion. *See, e.g., Parker*, 2017 WL 10525820, at *2 (declining to follow *Huy Thanh Vo*); *Devine v. Judge L. Firm, ALC*, No. 16-CV-2999, 2017 WL 3118777, at *4–5 (S.D. Cal. July 21, 2017) (same); *Doucette v. GE Cap. Retail Bank*, No. 14-CV-12, 2014 WL 4562758, at *2 (D.N.H. Sept. 15, 2014) (same).

5

is not vicariously liable for the collector's FDCPA violations."); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996) ("Section 1692k imposes liability only on a '*debt collector* . . . .' The plaintiffs would have us impose liability on non-debt collectors too. This we decline to do." (cleaned up)).[4] For those reasons, the Court concludes that King must plausibly allege that Discover is a "debt collector" under Section 1692a(6).

Because King has not done so, the Court dismisses his FDCPA claim.

B. FCRA

King fails to plausibly allege that he notified a consumer reporting agency (CRA) about inaccurate information in his credit report. He also fails to plausibly allege that a CRA notified Discover of the dispute. So the Court dismisses King's FCRA claim, too.

To state a claim under Section 1681s-2(b) of the FCRA, King must plausibly allege four elements:

> (1) [Discover] provided inaccurate credit information about [King] to a CRA; (2) [King] notified a [CRA] that this information in [King's] credit report was inaccurate; (3) the CRA notified [Discover] of the dispute; and (4) after receiving this notice, [Discover] failed to conduct a reasonable investigation and provide notice to the CRA to correct the reporting errors.

*Stallworth v. Newrez LLC*, No. 3:24-CV-83, 2024 WL 3707548, at *3–4 (S.D. Miss. Aug. 7, 2024) (cleaned up).

---

[4] Some cases hold that vicarious liability extends if "*both* the attorney *and* the client are debt collectors as defined in [Section] 1692a(6)." *McWilliams v. Advanced Recovery Sys., Inc.*, 174 F. Supp. 3d 936, 942 (S.D. Miss. 2016) (cleaned up) (emphases added). But, as discussed, King fails to allege that Discover "itself meets the definition of 'debt collector'" under the FDCPA. *Id.* (cleaned up).

The Court need only address the second and third elements: whether King told a CRA that his credit report contained inaccurate information, and whether the CRA notified Discover of the dispute.

King has failed to plausibly allege that he told a CRA about the allegedly inaccurate information. In fact, the [1-1] Complaint alleges only that King notified Discover "directly." [1-1] at 5. It says nothing about whether King separately notified any CRAs. *See id.*[5]

Relatedly, King has also failed to plausibly allege that a CRA informed Discover about the dispute. Again, Section 1681s-2(b) liability "would require proof that a *consumer reporting agency . . .* had notified [Discover] pursuant to [Section] 1681i(a)(2)." *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (cleaned up). That is, King must plausibly allege that Discover "was notified *by a consumer reporting agency—not merely by the consumer—*of the disputed debt." *Alam v. Sky Recovery Servs., Ltd.*, No. 4:08-CV-2377, 2009 WL 693170, at *3

---

[5] In arguing otherwise, King submits that the [1-1] Complaint "alleges that he 'notified Defendants directly of a dispute on the account's completeness and/or accuracy as reported to credit reporting agencies.'" [9] at 3 (purportedly quoting [1-1] at 5). And so, King says, the [1-1] Complaint's explicit reference to CRAs "supports the inference that [King] disputed the information with both Discover and the CRAs." *Id.* at 3–4.

That argument fails for a couple of reasons. For one, King's [1-1] Complaint does not actually refer to CRAs. *Compare* [9] at 3 ("'as reported to credit reporting agencies'"), *with* [1-1] at 5 ("as reported"). And separately, even if the [1-1] Complaint had included that reference to CRAs, the Court still could not reasonably infer that King *disputed* the information with any CRAs. The only factual matter before the Court is that King notified Discover "directly." [1-1] at 5. That allegation does not permit the Court to infer that King separately notified any CRAs. *See* Mem. Supp. Mot. [5] at 7.

(S.D. Tex. Mar. 13, 2009) (emphasis added). But again, the [1-1] Complaint alleges only that King notified Discover "directly." [1-1] at 5.[6]

Because King fails to plausibly allege those elements of his FCRA claim, the Court dismisses it.

C. Leave to Amend

The Court denies without prejudice King's request for leave to amend. [9] at 4. That one-paragraph request is both procedurally improper, *see* L.U. Civ. R. 7(b)(2), and "bare bones." *Porretto v. City of Galveston Park Bd. of Trs.*, 113 F.4th 469, 491 (5th Cir. 2024) (cleaned up).

Still, it is unclear whether King has pleaded his best case. The Court strongly suspects that the pleading defect is "simply incurable" as to King's FDCPA claim. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). But the Court is unsure whether it is as to King's FCRA claim. So, if King wishes, he may file a procedurally proper motion for leave to amend by May 30, 2025. *See id.*; L.U. Civ. R. 7(b)(2), 15. If King does not do so, the Court will enter a final judgment for Discover, dismissing both claims with prejudice.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Discover's [4] Motion to Dismiss. If King wishes, he may file a procedurally proper motion for

---

[6] Discover represents that "it is undisputed that Discover never received a dispute notice from a credit reporting agency . . . ." [5] at 7. If that is so, that would make any amendment to King's FCRA claim futile.

leave to amend by May 30, 2025. *See* L.U. Civ. R. 7(b)(2), 15. If King does not do so, the Court will enter a final judgment for Discover, dismissing both claims with prejudice.

SO ORDERED, this 16th day of May, 2025.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE